**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**


GEORGE WAYNE MARSHALL
ADC  #80615; and
ERVIN LEE HARRISON,
ADC #95831                                                                          PLAINTIFFS

V.                                          4:06CV001634 JLH/JTR

CHURCH OF THE LARGER FELLOWSHIP, et al.                          DEFENDANTS


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiffs George Wayne Marshall and Ervin Lee Harrison, who are currently incarcerated in the Arkansas Department of Correction, have filed a Complaint, an Amended Complaint, and several supplemental pleadings arguing that Defendants (the Church of the Larger Fellowship, Reverend Kathy Reis, and Chaplain Pat Franz) have violated their First Amendment rights. *See* docket entry #3, #13, #14, #16, #17, and #18.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court recommends that this case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II.  Failure to State a Claim

Plaintiffs have previously been granted permission to proceed *in forma pauperis.*  The *in forma pauperis* statute provides, in pertinent part, that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, a court shall dismiss the case at <u>any time</u> if the court

determines that . . . [it] fails to state a claim on which relief may be granted."[1]  28 U.S.C. § 1915(e)(2) (emphasis added).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In their pleadings, Plaintiffs allege that Defendants violated their First Amendment rights when they wrongfully enticed them to join their congregation, without first informing them that some of their membership privileges would be limited due to their incarceration.  *See* docket entry #3, #13, #14, #16, #17, and #18.  Importantly, Plaintiffs have clarified that they are asserting federal jurisdiction over these claims pursuant to 28 U.S.C. § 1331, rather than 42 U.S.C. § 1983.  *Id.*

---

[1] Usually, initial screening is conducted pursuant to 28 U.S.C. § 1915A.  However, that statutory provision only applies when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Plaintiffs have not named a governmental entity, officer, or employee in this action.  In contrast,  the *in forma pauperis* statute, 28 U.S.C. § 1915, applies whenever a prisoner proceeds *in forma pauperis* in any civil action against any defendants.  28 U.S.C. § 1915.

The federal question statute, 28 U.S.C. § 1331, provides that: "The district court shall have original jurisdiction of all civil actions arising under the <u>Constitution</u>, <u>laws</u>, or treaties of the United States."  28 U.S.C. § 1331 (emphasis added).   As previously mentioned, Plaintiffs argue that Defendants – who are private individuals and a private entity – have violated the First Amendment to the United States Constitution.   The First Amendment provides that:

> <u>Congress shall make no law</u> respecting an establishment of religion, or prohibiting the free exercise of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST., amend. 1 (emphasis added). It is apparent from the plain language of the First Amendment that it applies only to laws made by Congress and <u>not</u> the actions of private individuals or private entities, such as the Defendants named in this action.   Thus, Plaintiffs have failed to state a viable First Amendment claim.

The federal question statute, 28 U.S.C. § 1331, also grants the Court jurisdiction over any case involving an alleged violation of a federal law or treaty.  However, Plaintiffs have not come forward with any federal law or treaty that prevents a private church or its leaders from limiting the religious and speech rights of its members.

Accordingly, the Court concludes that this case should be dismissed, with prejudice, because Plaintiffs have failed to state a viable federal claim for relief.  The Court further recommends that all remaining motions should be denied, as moot.[2]

---

[2]  Plaintiffs have made it clear that they are <u>not</u> proceeding under 42 U.S.C. § 1983. Nevertheless, the Court wishes to clarify that they would not have had a valid claim under that federal statute because it is well settled that a § 1983 claim can only be brought against a "state actor" or a person acting under "the color of state law" – not private individuals and/or entities, as in this case.  *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004)

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to 28 U.S.C. § 1915(e)(2), the entire case be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[3]

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[4] that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

4.      Plaintiffs' Motion for a Jury Trial (docket entry #6), Motion for Powers of Subpoena (docket entry #8), Motion for Order to Correspond (docket entry #9), Motion for Leave to File Exhibits as Evidence (docket entry #19), and Motion to Allow Exhibits as Evidence (docket entry #24) be DENIED, AS MOOT.

Dated this 17th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

(explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties").

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[4] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."